# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 21-CV-80601-RAR

**JASON GOLDSTEIN**, *individually and
on behalf of all others similarly situated*,

      Plaintiff,

v.

**COSTCO WHOLESALE CORPORATION**,

      Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO TEMPORARILY STAY DISCOVERY

**THIS CAUSE** comes before the Court on Defendant's Motion to Temporarily Stay Discovery [ECF No. 36] ("Motion"), filed on June 7, 2021. Having reviewed the Motion, as well as Plaintiff's Response in Opposition [ECF No. 43] ("Response"), and being otherwise fully advised in the premises, it is

**ORDERED AND ADJUDGED** that Defendant's Motion to Temporarily Stay Discovery [ECF No. 36] is **GRANTED**, as explained herein.

## BACKGROUND

In his First Amended Class Action Complaint, Plaintiff alleges that the "session replay" software utilized by Defendant on its website violates the Florida Security of Communications Act, FLA STAT. § 934.01, *et seq.* ("FSCA"), by illegally intercepting Plaintiff's electronic communications as well as the electronic communications of at least 5,000 other individuals located in Florida who visited Defendant's website. *See generally* First Am. Compl. [ECF No. 22]. Plaintiff alleges that the software is intended to record and playback individual browsing sessions "as if someone is looking over a Class members' shoulder when visiting Defendant's

website." *Id.* ¶ 11. Plaintiff asks the Court to certify a class consisting of "[a]ll persons residing within the State of Florida (1) who visited Defendant's website and (2) whose electronic communications were intercepted by Defendant or on Defendant's behalf (3) without their prior consent." *Id* ¶ 69. Plaintiff also seeks an order enjoining Defendant's use of the software, as well as damages. *Id.* ¶ 93.

In its Motion, Defendant has moved for a temporary stay of discovery, pursuant to Federal Rule of Civil Procedure 26(c), pending this Court's ruling on its Motion to Dismiss the Amended Complaint [ECF No. 34] ("Mot. to Dismiss").

## ANALYSIS

District courts enjoy broad discretion in deciding how to best manage the cases before them. *See Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001); *see also Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). "A stay of discovery is appropriate where the movant shows good cause and reasonableness." *Varga v. Palm Beach Cap. Mgmt., LLC*, No. 09-82398, 2010 WL 8510622, at *1 (S.D. Fla. Sep. 3, 2010) (Moreno, J.) (citation and internal quotation omitted). "In deciding whether to stay discovery pending resolution of a motion to dismiss, the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Koock v. Sugar & Felsenthal, LLP*, No. 8L09-CV-609-T-17EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009) (citation omitted). This necessarily entails taking a "preliminary peek at the merits of the dispositive motion to see if it appears to be clearly meritorious and truly case dispositive." *Id.* (internal quotations and citations omitted); *see also McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (cautioning that "[a] request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case."); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003)

("[C]ourts have held good cause to stay discovery exists wherein resolution of a preliminary motion may dispose of the entire action.") (internal quotations and citations omitted).  The party moving to stay discovery bears the burden of demonstrating good cause and reasonableness. *McCabe*, 233 F.R.D. at 685.

Here, a "preliminary peek" of the pending Motion to Dismiss reveals that Defendant has raised multiple arguments that, if adopted by the Court, would dispose of the entire action. Specifically, Defendant argues that Plaintiff has failed to satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure by failing to plead sufficient factual content beyond "information and belief" and failing to allege that Defendant recorded the substance of any of Plaintiff's communications.  Mot. to Dismiss at 5-7.  Additionally, Defendant argues that the information allegedly intercepted does not qualify as "content" under the FSCA; "session replay" software falls outside the FSCA's definition of a "device;" the FSCA does not apply because Plaintiff consented to the alleged interception of data; and Plaintiff asserts an unreasonably broad interpretation of the FSCA.  *See generally id.*

This suit is one of many similar suits currently pending in Florida courts, and although there is currently a dearth of case law on these novel issues, the dismissal of nearly identical suits indicates that Defendant's Motion to Dismiss has sufficient merit to warrant a temporary stay of discovery.  *See, e.g.*, Order Granting Def.'s Mot. to Dismiss Pl.'s Class Action Compl., *Connor v. Whirlpool Corp.*, No. 21-14180 (S.D. Fla. July 6, 2021) [ECF No. 21] (adopting the reasoning of the Order Granting Def. Spirit Airlines, Inc.'s Mot. to Dismiss First Am. Class Action Compl., *Jacome v. Spirit Airlines, Inc.*, Case No. 2021-000947-CA-01 (Fla. 11th Cir. Ct. June 17, 2021)). However, the Court emphasizes that because it has only taken a "preliminary peek" at the Motion to Dismiss, it has not yet fully evaluated the merits of Defendant's arguments, thus justifying good cause for a *temporary* stay of discovery so that the Court can fully address that question.

This approach is consistent with the Eleventh Circuit's instruction that dismissal of nonmeritorious claims before discovery begins is necessary to minimize undue burdens on litigants and the court system. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997); *see also Padilla v. Porsche Cars N.A., Inc.*, No. 18-24988, 2019 WL 1281484, at *1 (S.D. Fla. Mar. 19, 2019) ("This Court firmly abides by *Chudasama*'s instructions that discovery should follow the filing of a well-pleaded complaint and that any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.") (internal quotations omitted). When faced with legitimate challenges to the legal theory upon which a broad class action complaint rests, a temporary stay of discovery is the proper course until such challenges are resolved.

Finally, the balance of harms favors a temporary stay of discovery. The Court finds that Defendant will be forced to incur significant costs if it must respond to discovery relevant to this litigation. *See* Decl. of Steven Gowan ¶ 5 [ECF No. 36-7] (Defendant's IT Manager of eCommerce Business Solutions stating that responding to Plaintiff's discovery requests would require "hundreds of hours" of manpower). On the other hand, the Court finds that a brief stay of discovery would not prejudice Plaintiff—and should the case proceed, Plaintiff will have ample opportunity to conduct discovery. Therefore, Defendant has adequately demonstrated the reasonableness of a temporary stay.

## **CONCLUSION**

"Ultimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness." *Ray v. Spirit Airlines, Inc.*, No. 12-61528, 2012 WL 5471793, at *2 (S.D. Fla. Nov. 9, 2012) (citing *McCabe*, 233 F.R.D. at 685). Here, Defendant has met its burden, and should not be forced to expend substantial resources answering discovery given the facial challenges pending before the Court. Temporarily staying discovery at this juncture will

not create case management obstacles or delay the prosecution of this case. Indeed, such a stay is merely designed to prevent extensive and expensive discovery from going forward until the Court is able to effectively determine the validity of Plaintiff's claims. Accordingly, for the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Temporarily Stay Discovery [ECF No. 36] is **GRANTED**.

2. General discovery is **STAYED** until this Court issues an order on Defendant's Motion to Dismiss Plaintiff's First Amended Class Action Complaint [ECF No. 34].

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 7th day of July, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**