UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-80601-RAR

**JASON GOLDSTEIN**, *individually and
on behalf of all others similarly situated*,

    Plaintiff,

v.

**COSTCO WHOLESALE CORPORATION**,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

**THIS CAUSE** comes before the Court on Defendant Costco Wholesale Corporation's Motion to Dismiss [ECF No. 34] ("Motion"). The Court having carefully reviewed the Motion, Plaintiff's Response in Opposition [ECF No. 42] ("Response"), and Defendant's Reply [ECF No. 48], and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion [ECF No. 34] is **GRANTED** for the reasons set forth below. Plaintiff's First Amended Complaint [ECF No. 22] ("FAC") is **DISMISSED** *with prejudice*.

**BACKGROUND**

This action joins a flurry of virtually identical cases wherein creative class action litigants have seized on a novel reading of Florida's decades-old wiretapping statute, the Florida Security of Communications Act ("FSCA"), to attack the use of so-called session replay software on commercial websites. The FSCA provides a cause of action against parties that intercept or use private communications without the speaker's consent. FLA. STAT. §§ 934.10(1)(a), (d). Plaintiff alleges that Defendant violated the FSCA by using session replay software to record Plaintiff's

mouse clicks and other commands on Defendant's website.  *See generally* FAC [ECF No. 22].  Defendant moves to dismiss the case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *See generally* Mot. [ECF No. 34].

## **LEGAL STANDARD**

When reviewing a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true.  *Hunt v. Aimco Properties, L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016).  But a court need not accept plaintiff's legal conclusions as true.  *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A pleading is facially plausible when the plaintiff states enough facts for the court to draw a "reasonable inference" that the defendant is liable for the alleged conduct.  *Id.*

## **ANALYSIS**

Courts bear the responsibility of applying the law to a constantly shifting technological and societal landscape.  When the Framers crafted the Fourth Amendment to the United States Constitution, for example, they could not have envisioned how smartphones and GPS would fit into the framework of "papers" and "effects."  U.S. CONST. amend. IV.  *See Riley v. California*, 573 U.S. 373 (2014); *United States v. Jones*, 565 U.S. 400 (2012).  But the courts' flexibility has its limits.  Courts may not rewrite statutes to change with the times.  The Constitutions of Florida and the United States give this power to the legislative bodies alone.  Rather, the Court must take the law as it is and apply it faithfully to new facts as they arise.  Here, Plaintiff asks the Court to rewrite Florida's wiretapping law in the face of changing technology.

Plaintiff alleges that "Defendant utilized 'session replay' spyware to intercept Plaintiff's and the Class members' electronic computer-to-computer data communications with Defendant's website, including how they interacted with the website, their mouse movements and clicks, keystrokes, search terms, information inputted into the website, and pages and content viewed while visiting the website." FAC [ECF No. 22] ¶ 7. These actions, says Plaintiff, violated his "substantive legal privacy rights under the FSCA." *Id.* ¶ 17. Virtually identical litigation has popped up in state and federal courts all over Florida. Several district courts have adopted by reference a state court order dismissing the claim because "the FSCA does not apply" to claims regarding session replay software. *See, e.g., Swiggum v. EAN Servs., LLC*, No. 8:21-493, 2021 WL 3022735, at *2 (M.D. Fla. July 16, 2021) (citing *Jacome v. Spirit Airlines, Inc.*, No. 2021-000947-CA-01 (Fla. Cir. Ct. June 17, 2021) (ruling that "the FSCA does not apply to the plaintiff's claims regarding session replay technology software on a commercial website")); *Cardoso v. Whirlpool Corp.*, No. 21-60784, 2021 WL 2820822, at *2 (S.D. Fla. July 6, 2021) (same); *Connor v. Whirlpool Corp.*, No. 21-14180, 2021 WL 3076477, at *2 (S.D. Fla. July 6, 2021) (same). The Court agrees with these rulings and finds their brevity compelling. But the Court cannot ignore the fundamental problem of statutory construction in Plaintiff's interpretation of the FSCA. Plaintiff's attempt to redefine the FSCA's key terms, coupled with the outbreak of litigation centered on this statute, begs for a deeper analysis to clarify its limited scope.

The Court interprets statutory language according to its plain meaning, in the context of the entire statute, as assisted by the canons of statutory construction. *Edison v. Douberly*, 604 F.3d 1307, 1310 (11th Cir. 2010). The relevant terms of the FSCA must be construed in a manner consistent with their plain meaning and context. *See id.* The Court therefore turns to the provisions of the statute at issue in this case.

Section 934.03(1)(a) of the FSCA prohibits "[i]ntentionally intercept[ing], endeavor[ing] to intercept, or procur[ing] any other person to intercept or endeavor to intercept any wire, oral, or electronic communication," and Section 934.03(1)(d) prohibits "[i]ntentionally us[ing], or endeavor[ing] to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of [the FSCA]." The statute defines *intercept* as "the aural or other acquisition of the *contents* of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." FLA. STAT. § 934.02(3) (emphasis added). *Contents* are "any information concerning the *substance, purport, or meaning* of that communication." *Id.* § 934.02(7) (emphasis added).[1] The touchstone in many cases arising under the FSCA and similar statutes is this definition of *contents*.

Courts interpreting *contents* under the ECPA distinguish between "a record or other information pertaining to a . . . customer" (known as "record information") and the contents—i.e., "substance, purport, or meaning"—of the communication itself. *In re Zynga Priv. Litig.*, 750 F.3d 1098, 1106 (9th Cir. 2014) (quotations omitted) ("[T]he term 'contents' refers to the intended message conveyed by the communication, and does not include record information."). Here, Plaintiff alleges that Defendant intercepted the substance of his communications with Defendant's website. FAC ¶ 39. Plaintiff's purported substance includes (1) his movements on the website ("mouse clicks and movements," "scroll movements," and "pages and content viewed") and (2) information voluntarily input ("keystrokes," "copy and paste actions," "search terms," and "information inputted by Plaintiff"). *Id.*

---

[1] The FSCA was modeled after its federal counterpart, the Electronic Communications Privacy Act of 1986 ("ECPA"), 18 U.S.C. § 2510 *et seq.*, so Florida follows federal courts as to the meaning of analogous provisions. *Minotty v. Baudo*, 42 So. 3d 824, 831 (Fla. 4th DCA 2010).

But contrary to Plaintiff's interpretation, these actions did not convey the substance of any communication. Rather, this mere tracking of Plaintiff's movements on Defendant's website is the cyber analog to record information Defendant could have obtained through a security camera at a brick-and-mortar store. The FSCA's text itself reinforces that such actions fall outside the statute's purview. The statute specifically excludes "[a]ny communication from an electronic or mechanical device which permits the tracking of the movement of a person or an object." FLA. STAT. § 934.02(12)(c). Although the tracking in this case is virtual rather than physical, the Court finds that the plain language of the statute exempts the sort of tracking that triggered this action. In *Minotty*, a Florida court found no interception under the FSCA where hidden security cameras installed at certain doctors' offices recorded footage of the doctors. 42 So. 3d at 828, 830–32. The *Minotty* court concluded that silent surveillance videos of the doctors' physical movements had no contents, as defined by the FSCA, because they did "not convey the *substance* of a particular communication." *Id.* at 830 (emphasis in original). Likewise, Defendant's recordings of Plaintiff's movements on Defendant's website had no contents because they did not convey the substance of any particular communication by Plaintiff.

Plaintiff's claim that Defendant recorded pages and content he viewed on Defendant's website has no bearing on the Court's analysis. *See In re Zynga*, 750 F.3d at 1107 (finding that webpages a user views are akin to addresses and do not constitute contents); *Gonzales v. Uber Techs., Inc.*, 305 F. Supp. 3d 1078, 1086 (N.D. Cal. 2018) (finding no contents and dismissing argument "that the user was communicating he wanted to view that webpage"). Neither does Plaintiff's attempt to frame his actions as "commands" transmitted "in the form of instructions" to Defendant's servers. FAC ¶ 29. This language merely underscores that the information recorded did not convey the substance of a communication. Such commands are equivalent to "dialing,

routing, addressing, or signaling information" that courts routinely deem non-contents. *See, e.g.*, *In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262, 275 (3d Cir. 2016) (affirming dismissal of wiretap claim and distinguishing URLs that "may convey substantive information" from those that convey "mere dialing, routing, addressing, or signaling information" (quotations omitted)); *United States v. Forrester*, 512 F.3d 500, 510 (9th Cir. 2008) (comparing numbers dialed on a telephone in pen register cases to "instructions . . . voluntarily turned over" to a computer server for the "purpose of directing the routing of information"); *Gilday v. Dubois*, 124 F.3d 277, 296, n.27 (1st Cir. 1997) (analogizing "call detailing," which identifies the caller, the number called, and the date, time, and length of the call, to routing and signaling information associated with pen registers, and finding it outside the ambit of the ECPA); *Figueroa v. State*, 870 So. 2d 897, 901 (Fla. 5th DCA 2004) (holding that phone numbers dialed and received are not contents under the FSCA).

Plaintiff argues in his Response that an inquiry into whether the alleged communications constitute content is premature at the Motion to Dismiss stage because "the question is not *what* contents were intercepted, but *whether* contents were intercepted." Resp. [ECF No. 42] at 6 (emphasis in original). This argument is unavailing. The Court must know *what* information was allegedly intercepted to determine *whether* it qualifies as content. Like every element of the FSCA, content must be plausibly alleged, and courts routinely dismiss complaints that fail to do so. *See, e.g.*, *Spirit* at 7–8; *Minotty*, 42 So. 3d at 830; *In re Zynga*, 750 F.3d at 1106. To avoid dismissal, Plaintiff must have alleged that Defendant intercepted "the intended message conveyed by the communication" that revealed "the substance, purport, or meaning of [that] communication." Fla. Stat. § 934.02(7); *see In re Zynga*, 750 F.3d at 1106. Just because Plaintiff intended to communicate with Defendant's website, *see* Resp. [ECF No. 42] at 12, does not mean his communications revealed any substance. They did not.

Defendant's recordings of Plaintiff's purported communications contained no substance. No substance means no contents, no contents means no interception, and no interception means no FSCA violation. The Court notes, without further analysis, that Defendant's Motion contains other substantive grounds for dismissal, including consent and insufficient pleading. *See generally* Mot. [ECF No. 34]. But the Court need not reach those grounds. Statutory construction, standing alone, requires dismissal.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion [ECF No. 34] is **GRANTED**. Because Plaintiff's failure to plead content, an essential element of the statutory cause of action, renders leave to amend futile, Plaintiff's First Amended Complaint [ECF No. 22] is **DISMISSED** *with prejudice*. All pending motions are **DENIED as MOOT**, and the Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 9th day of September, 2021.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**